**Order entered June 18, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01724-CR
No. 05-12-01731-CR
No. 05-12-01732-CR

**JERMAINE COTTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-51603-W, F12-51604-W, F12-70036-W**

## ORDER

Appellant's brief is overdue in these appeals. We also note that none of the boxes is checked on the trial court's certifications of appellant's right to appeal these cases.

Accordingly, the Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeals, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeals. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is

**ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

We further **ORDER** that the supplemental clerk's records contain completed copies of the trial court's certifications of appellant's right to appeal in these cases.

The appeals are **ABATED** to allow the trial court to comply with the above order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    DAVID EVANS
        JUSTICE